IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**HENRY DIAZ**  **PLAINTIFF**
**ADC #653341**

V.                NO. 3:23-cv-00207-JM-ERE

**POINSETT COUNTY**
**DETENTION CENTER,** *et al.*                **DEFENDANTS**

## ORDER

*Pro se* plaintiff Henry Diaz has filed a motion for the appointment of counsel. *Doc. 27*.

A *pro se* litigant in a civil case does not have a statutory or constitutional right to appointed counsel. *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018); *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006). However, the Court may, in its discretion, appoint counsel if the pro se prisoner has stated a non-frivolous claim and "the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson*, 902 F.3d at 850 (quoting *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)). In making this determination, the Court must weigh and consider the following factors: (1) the factual and legal complexity of the case; (2) the plaintiff's ability to investigate the facts; (3) the existence of conflicting testimony; and (4) the plaintiff's ability to present his claims. *Id.*; *Phillips*, 437 F.3d at 794.

The decision to appoint counsel is based on the circumstances of each case. After considering all relevant factors, in particular, the factual and legal complexity of this case, the Court declines to appoint counsel at this point in the case.[1]

IT IS THEREFORE ORDERED THAT Mr. Diaz's motion for the appointment of counsel (*Doc. 27*) is DENIED, without prejudice.

Dated 16 April 2024.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] As the case proceeds, the Court will reconsider, on its own, whether counsel should be appointed to assist Mr. Diaz. And if the case is scheduled for trial, the Court will likely appoint counsel to assist Mr. Diaz.