# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**HENRY DIAZ**                                                                                          **PLAINTIFF**
**#653341**

**V.**                     **NO. 3:23-cv-00207-JM-ERE**

**POINSETT COUNTY DETENTION CENTER,** *et al.*       **DEFENDANTS**

## ORDER REGARDING WRITTEN DISCOVERY AND
## EXTENDING DISCOVERY DEADLINE

Defendants move to compel answers to interrogatories and the production of documents, including an executed medical authorization. *Docs. 29, 30*. As explained below, the Court agrees that Plaintiff should be required to provide responses to Defendants' Interrogatories Nos. 1 through 13 and Request for Production No. 2. However, the Court has concerns regarding the scope of the medical authorization sought in Request for Production No. 1, which Defendants must address before a final ruling.

**I.**     **Background**

*Pro se* plaintiff Henry Diaz, an Arkansas Division of Correction ("ADC") inmate, brings this lawsuit concerning his prior detention at the Poinsett County Detention Center ("Detention Center"). He alleges that: (1) he has suffered from arthritis since the age of eight and was made to sleep on a very thin mattress that

caused him pain; (2) he was denied outdoor recreation; and (3) he was denied visitation. *Doc. 6*.

Documents submitted by Defendants show that they propounded written discovery requests on Mr. Diaz on April 1, 2024. Mr. Diaz failed to respond. Accordingly, on May 9, 2024, Defendants sent Mr. Diaz a good faith letter, attempting to resolve the discovery dispute without Court intervention. *Doc. 29-2*. To date, Mr. Diaz has not responded to Defendants' discovery requests, and the discovery deadline is July 12, 2024. *Doc. 26*.

## II. Interrogatories and Request for Production No. 2

Based on a review of Defendants' discovery requests, the Court finds that Interrogatory Nos. 1-13 and Request for Production No. 2 are relevant to Mr. Diaz's claims and proportional to the needs of the case. FED. R. CIV. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any parties' claim or defense and proportional to the needs of the case.").

Mr. Diaz must provide responses to these discovery requests.

## III. Medical Authorization

The Court has concerns about the proposed medical authorization submitted with Request for Production No. 1. The form used is unlimited in time and scope and arguably inconsistent with Rule 26(b)(1)'s requirements. See *Sentis Group, Inc. v. Shell Oil Co.*, 763 F.3d 919, 926 (8th Cir. 2014) (parties may fully investigate the

relevant facts to "gain an understanding of the key persons, relationships, and evidence in a case[.]"); *Vallejo v. Amgen*, Inc., , 742 (8th Cir. 2018) (quoting *Carr v. State Farm Mut. Auto. Ins., Co.*, 312 F.R.D. 459, 468 (N.D. Tex. 2015) ("[A] court can—and must—limit proposed discovery that it determines is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit—and the court must do so even in the absence of a motion.").

Mr. Diaz alleges that he has suffered from arthritis from an early age and was made to sleep on a thin mattress while housed at the Detention Center. Although it is not clear whether Mr. Diaz claims that his sleeping conditions made his arthritis worse, his allegations make medical information about arthritis relevant. Defendants are entitled to obtain medical information regarding Mr. Diaz's arthritis for a reasonable period in the past through the resolution of this case. However, the proposed medical authorization goes far beyond the subject of arthritis and covers unlimited medical conditions. It states in part:

> I understand that the information in my health records may include information relating to sexually transmitted disease, acquired immunodeficiency syndrome (AIDS), or human immunodeficiency virus (HIV). It may also include information about behavioral or mental health services, and treatment for alcohol and drug abuse . . . .

3

*Doc. 29-1 at 14.*

Defendants may either: (1) supplement their motion to explain why they contend that the proposed medical authorization complies with the letter and spirit of the discovery rules; or (2) submit a proposed alternative medical authorization for the Court's review and possible approval.[1]

IT IS THEREFORE ORDERED THAT:

1.  Defendants' motion to compel (*Doc. 29*) is GRANTED[2] as to Interrogatory Nos. 1-13 and Request for Production No. 2 and HELD IN ABEYANCE as to the medical authorization requested in Request for Production No. 1.

2.  Mr. Diaz must provide his responses to Defendants' Interrogatories and Requests for Production No. 2 within 30 days. Mr. Diaz is cautioned that his failure to do so could result in the dismissal of his claims. Local Rule 5.5. Defendants are instructed to promptly notify the Court whether Mr. Diaz has complied with this Order.

---

[1] See, e.g., *Mayfield v. Sheridan Detention Center, et al.*, No. 4:23-cv-46-JM-ERE (E.D. Ark.), *Docs. 151, 163, 164.*

[2] Based on the fact that Mr. Diaz appears to have submitted no responses to the pending discovery, the Court grants in part Defendants' motion without a response from Mr. Diaz. If Mr. Diaz objects Defendants' motion and can state good cause for his failure to timely respond to Defendants' discovery requests, he may file a motion within seven days from the entry of this Order, asking the Court to reconsider its ruling.

3. Defendants have seven days to either supplement their motion to compel to explain why the proposed medical authorization in Request for Production No. 1 is consistent with Federal Rule of Civil Procedure 26 or to submit a narrowed proposed medical authorization.

4. The discovery and dispositive motion deadlines are now extended. The new discovery deadline is **August 12, 2024**. The new dispositive motion deadline is **September 13, 2024**.

SO ORDERED 29 May 2024.

_____
UNITED STATES MAGISTRATE JUDGE